Wu v Torres (2021 NY Slip Op 06467)





Wu v Torres


2021 NY Slip Op 06467


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 153279/18 Appeal No. 14312 Case No. 2021-00537 

[*1]Dan Wu, Plaintiff-Respondent,
v
Carlos Torres et al., Defendants-Appellants.


Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Pollack Pollack Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about January 22, 2021, which granted plaintiff's motion for summary judgment on the issue of liability and dismissed the affirmative defenses, unanimously affirmed, without costs.
Plaintiff seeks to recover damages for injuries he allegedly sustained on August 22, 2017, when the motor vehicle he was driving came into contact with a bus owned by defendant New York City Transit Authority and operated by defendant bus driver Carlos M. Torres. Following discovery, plaintiff moved for summary judgment as to liability. Relying upon the parties' testimony, plaintiff argued that he did not contribute to the accident because his vehicle was parked in the far right lane when it was struck by the bus. Plaintiff argued that defendants were responsible because Torres failed to keep a reasonable lookout, did not stay within his lane, and entered plaintiff's lane when it was not safe to do so. Plaintiff emphasized that both he and Torres testified that plaintiff's vehicle was stopped at all relevant times. He urged that Torres conceded that he never saw plaintiff's vehicle in motion and that the vehicle never moved between the time Torres first saw it and the time of the accident. Plaintiff's unrebutted testimony establishes that the bus "hook[ed]" into his vehicle's left front wheel, lifting the vehicle off the ground at an approximately 45-degree angle and dragging it for 10 to 15 feet.
Plaintiff established prima facie that the collision between his vehicle and defendants' bus was caused by defendants' negligence by establishing that his vehicle was stopped when it came into contact with the bus, and, as the motion court found, he was not "shown to have engaged in . . . culpable conduct."
Defendants, in turn, failed to present evidence of a nonnegligent explanation for striking plaintiff's vehicle. Torres testified that he was operating a 45-foot bus on the day of the accident. Torres testified that, from the time he noticed plaintiff's vehicle to the time of the accident, he did not see plaintiff's vehicle move. Torres later claimed that it was he who was stopped and plaintiff who struck the rear wheels of the bus. Torres's unsworn statements in defendants' accident reports as to the movement of plaintiff 's vehicle were contradicted by his subsequent testimony and were insufficient to raise a triable issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021